GIBSON et al. v. SMOOT ENGINEERING CORPORATION.*

SMOOT ENGINEERING CORPORATION v. GIBSON et al.*

Nos. 4067, 4068.

Circuit Court of Appeals, Third Circuit.

May 7, 1930.

Rehearing Denied June 20, 1930.

*Rehearing denied June 20, 1930.

William G. Mahaffy, of Wilmington, Del. (Thos. G. Haight, of Jersey City, N. J., and W. Brown Morton and John E. Hubbell, both of New York City, of counsel), for Gibson and another.

Richard Eyre and John P. Bartlett, both of New York City, for Smoot Engineering Corporation.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This case concerns validity and infringement of forty-one claims of five patents to Gibson declared on in the bill and six claims of one patent to Herr set up by counterclaim, stated, grouped, discussed, and disposed of by the District Court in its opinion, 28 F. (2d) 123, to which we refer for particulars, and to which we subscribe as expressing our conclusions in detail. Therefore we shall do no more than state in a general way the substance of Gibson's main conception and distinguish it from Smoot's practice.

The art to which all these patents relate is automatic furnace regulation or combustion control under varying pressure loads and a varying fuel supply.

The five patents in the plaintiff's suit, as indicated by their titles—"Flow Controlling Apparatus," "Furnace Regulation"—deal with sundry phases of one central idea which is means for maintaining steam pressure in such a way that the heat input shall be equal to and balance the heat output. Heat input is a product of combustion, the chemical union of fuel and air; heat output is the resultant of that combustion—steam. In order to recover in the form of steam all the thermal units in a given quantity of fuel, there should, at all times, be maintained in the furnace the requisite amount of air, and, beyond that, there should, at all times, be maintained a proper ratio of fuel volume to air or draft volume. To produce this essential of com-

plete heat generation and fuel economy in a battery of furnaces as they grew in size with the development of the great power plants of to-day, the idea of a master control, that is, a control which regulates the differentials of combustion, pressure, and steam in *all* the furnaces, had long before Gibson and Herr been studied in the theoretical art and practiced in the commercial art. The ultimate means whereby this regulation is maintained is a damper familiar to everyone who has tended a stove or household furnace, but it was quite a problem to cause a damper to work mechanically and automatically so as to maintain the proper ratio of fuel and air, and thereby maintain full efficiency in a furnace, and particularly in a battery of furnaces of the modern type. This was the point to which inventors in the art were directing their conceptions, and this was the thing toward which both Gibson and Smoot were at different times bending their efforts —Gibson in the form of patents, Smoot in the form of plants. Both did the thing; Gibson says, in the same way; Smoot says, in different ways.

· Gibson, feeding air and fuel to furnaces in constant quantity, or volume, in approximately proper proportions, sought to attain, and maintain, precisely proper proportions by automatic control which involved the balancing of heat input and output. He employed in combination a regulator which was actuated by, or responsive to, the lack of balance when it occurred between heat input and heat output, that is, he used one, speaking informally, as a means to balance or force the lever against the other. As one went up, the other went down, and, operating through the damper, restored the desired balance. Gibson's automatic control means was the steam *flow*. As changes occurred in the system, changes occurred in the flow, and by providing means sensitive to the changes in the flow he was thereby enabled to restore conditions in the system to the desired normal. This is the steam flow regulator involved in the first, second, and part of the fourth Gibson patents in suit, which, stating its principle in another way, registers with the variable flow of steam from instant to instant and causes the draft and fuel to fluctuate compensatingly from moment to moment with the flow of steam, and thereby restore their balance.

Smoot Engineering Company asserts that its control system lacks a flow-actuated, flow-responsive control, and says that its control regulator is actuated responsively by changes of steam *pressure* of the plant in an effort to keep as nearly a constant steam pressure as practicable, and that in its system the draft and fuel control devices are not connected and are independently actuated. This the plaintiffs concede, but they assert, however, that Smoot's pressure-actuated control is, nevertheless, flow responsive, and is therefore an equivalent of the flow-actuated element of Gibson's combination. Now, when these two thoughts—at first elusive—are mentally established, the main issue of the case stands out sharply. It is whether the Smoot pressure-actuated control is the equivalent of the Gibson flow-actuated control. The plaintiffs say it is. The trial court thought they were different things, and that Gibson's central invention is not broad enough to cover Smoot. Without detailing our exploration into the art and repeating our study of the testimony in comparing and distinguishing the principles of automatic control, it will be enough to say that we are in entire accord with the finding of the learned trial judge that the practice of Smoot is not the equivalent of the invention of Gibson. Having arrived at that judgment, the issues on the other claims of the five patents, which have to do mainly with means for carrying out the capital conception of flow-actuated control, untangle and fall rather naturally, though not entirely, into their proper places.

We find no infirmity in the reasoning of the learned trial judge in ruling on these claims or in dismissing the defendant's counterclaim based on the Herr patent.

The decree of the District Court is in all respects affirmed.